# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO GARCIA,<br>　　　Plaintiff,<br><br>　　　　　v.<br><br>DONNA M. HARNSBERGER, et al.,<br>　　　Defendants. | CV 20-9886 DSF (GJS)<br><br>Order DENYING Defendants' Motion to Dismiss (Dkt. 27) |

　　　This case arises out of Defendants Donna M. Harnsberger and Aslan Catering, Inc.'s alleged violations of the Americans with Disabilities Act (ADA) and the Unruh Civil Rights Act (Unruh Act). Defendants move to dismiss Plaintiff Orlando Garcia's First Amended Complaint (FAC), claiming the Court lacks subject matter jurisdiction. Dkt. 27 (Mot.). Garcia opposes. Dkt. 26 (Opp'n). The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons stated below, the motion to dismiss is DENIED.

## I. BACKGROUND

　　　Garcia is a level C-5 quadriplegic who has cerebral palsy. Dkt. 17 (FAC) ¶ 1. He uses a wheelchair for mobility. Id. Aslan Catering, Inc. owns Aslan Mediterranean, a restaurant at 2128 Colorado Blvd., Los Angeles, California. Id. ¶ 4. Harnsberger owns and operates the property Aslan Mediterranean is located on. Id. ¶¶ 2-3. Aslan Mediterranean is "a facility open to the public, a place of public accommodation, and a business establishment." Id. ¶ 11. Garcia lives three miles from Aslan Mediterranean. Id. ¶ 22.

On February 21, 2020, Garcia went to Aslan Mediterranean "with the intention to buy and eat food and to assess the business for compliance with the disability access laws." Id. ¶ 10. Garcia claims on the day of his visit Aslan Mediterranean did not provide wheelchair accessible dining surfaces. Id. ¶ 12. Aslan Mediterranean has indoor and outdoor dining areas. Id. ¶ 13. Due to COVID-19, "outdoor dining surfaces are an important privilege or accommodation offered by the Aslan Mediterranean restaurant to its customers." Id.

But on the date Garcia visited, "none of the outdoor dining surfaces provided (or currently provide) toe clearance for wheelchair users. Each of the outdoor dining tables were pedestal style tables with extending fee[t]." Id. Garcia says he "enjoys the ability to pull up to a dining surface and get his knees and legs fully under the table and has some level of difficulty and discomfort when he is unable to do so." Id. ¶ 16. Garcia also states, "Given the obvious and blatant nature of the barriers and violations alleged herein, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability." Id. ¶ 24. Garcia plans to return to Aslan once the problems are fixed. Id. ¶¶ 22-23.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) authorizes a party to move to dismiss a lawsuit for lack of subject matter jurisdiction. A jurisdictional challenge may be facial or factual. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). Where the attack is facial, the court determines whether the allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction, accepting all material allegations in the complaint as true and construing them in favor of the party asserting jurisdiction. Warth v. Seldin, 422 U.S. 490, 501 (1975). But where the attack is factual "[t]he court need not presume the truthfulness of the plaintiff's allegations." Safe Air, 373 F.3d at 1039. In resolving a factual dispute as to the existence of subject matter jurisdiction, a court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment. Id.; McCarthy v. United States, 850

F.2d 558, 560 (9th Cir. 1988) (holding that a court "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction").

Dismissal for lack of subject matter jurisdiction in a case premised on federal-question jurisdiction is "exceptional." Sun Valley Gasoline, Inc. v. Ernst Enter., Inc., 711 F.2d 138, 140 (9th Cir. 1983). The plaintiff bears the burden of establishing subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

### III. DISCUSSION

Defendants claim the only access barrier specified in the FAC was insufficient room under the dining tables, which Defendants have now rectified. Mot. at 2-3. Defendants therefore ask the Court to dismiss the FAC under Rule 12(b)(1) for lack of jurisdiction because the ADA claim is moot. Id. at 3. Garcia responds claims should not be dismissed under Rule 12(b)(1) when the issue of jurisdiction is intertwined with the merits of the claim. Opp'n at 2-3.[1]

To establish an ADA claim, a plaintiff must prove "(1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [his] disability." Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007). "If a particular architectural feature of a place of public accommodation is inconsistent with the [ADA Accessibility Guidelines], a plaintiff can bring a civil action [seeking

---

[1] Garcia's opposition was filed late. Garcia's counsel has been working from Houston. Dkt. 26-1 ¶ 4. He submitted a declaration stating the February 2021 winter storm in Texas "severely impacted" his working environment, including losing power, internet, cell-tower coverage, heat, and running water. Id. ¶ 5. Although "[t]he Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule," Local Rule 7-12, the Court considers Garcia's opposition due to these extraordinary circumstances.

injunctive relief] claiming that the feature constitutes a barrier that denies the plaintiff full and equal enjoyment of the premises in violation of the ADA." Oliver v. Ralphs Grocery Co., 654 F.3d 903, 905 (9th Cir. 2011).

Standing to seek injunctive relief depends on establishing a likelihood of suffering future injury. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983). "Because a private plaintiff can sue only for injunctive relief (i.e., for removal of the barrier) under the ADA, . . . a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." Oliver, 654 F.3d at 905.

Defendants submitted proof they have remedied their previous ADA violations. After receiving notice of this lawsuit, Defendants modified their tables. Dkt. 20-3 (Sarkissian Decl.) ¶ 4. The current accessible dining tables are spaced no less than 30 inches apart. Id.; dkt. 20-4 Exs. C-D. The tables provide 27 inches of height and 19 inches of depth for knee clearance. Sarkissian Decl. ¶ 4; dkt. 20-4 Ex. B. This same table was previously used for indoor dining, and Defendants claim they will use the table for outdoor dining once it reopens. Dkt. 20-4 Ex. F. At the time of the filing of this motion, Aslan Mediterranean was open only for take-out due to COVID-19 restrictions. Id.

But Defendants have not met their "heavy burden" of demonstrating mootness. Norman-Bloodsaw v. Lawrence Berkeley Lab., 135 F.3d 1260, 1274 (9th Cir. 1998) (request for injunctive and declaratory relief was not mooted by voluntary cessation of ADA violations by defendants; defendants "have not carried their heavy burden of establishing *either* that their alleged behavior cannot be reasonably expected to recur, *or* that interim events have eradicated the effects of the alleged violation"); see also Johnson v. SSR Grp., Inc., No. 15-CV-05094-MEJ, 2016 WL 3669994, at *4 (N.D. Cal. July 11, 2016). Although Defendants submitted proof of compliant tables located outside their restaurant, there is nothing stopping them from putting the noncompliant tables outside once dining begins again. They have not, therefore, demonstrated "subsequent events make it

4

absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc., 528 U.S. 167, 170 (2000); see also Barnes v. Healy, 980 F.2d 572, 580 (9th Cir. 1992). Dismissal under Rule 12(b)(1) is an "exceptional" remedy and not appropriate here. Sun Valley Gasoline, Inc., 711 F.2d at 140.

## IV. CONCLUSION

Defendants' motion to dismiss Garcia's FAC for lack of jurisdiction is DENIED.

IT IS SO ORDERED.

Date: March 12, 2021

*Dale S. Fischer*

Dale S. Fischer
United States District Judge