UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO GARCIA,<br>　　　Plaintiff,<br><br>　　　　　v.<br><br>DONNA M. HARNSBERGER, et al.,<br>　　　Defendants. | CV 20-9886 DSF (GJSx)<br><br>Order GRANTING Defendants' Motion for Summary Judgment; Order DENYING Plaintiff's Motion for Summary Judgment (Dkt. 34, 35) |

　　Plaintiff Orlando Garcia has brought this case under the Americans With Disabilities Act and the analogous California Unruh Act because he claims that Defendants failed to provide wheelchair accessible outdoor seating when he visited Defendant Aslan Catering, Inc.'s restaurant (the Restaurant) on February 21, 2020.[1] Plaintiff and Defendants have now filed cross-motions for summary judgment. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

### I. Legal Standard

　　"A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "This burden is not a light one." In re Oracle Corp. Sec. Litig.,

---

[1] Defendant Donna M. Harnsberger is the owner of the property where the Restaurant is located.

627 F.3d 376, 387 (9th Cir. 2010). But the moving party need not disprove the opposing party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Rather, if the moving party satisfies this burden, the party opposing the motion must set forth specific facts, through affidavits or admissible discovery materials, showing that there exists a genuine issue for trial. Id. at 323-24; Fed. R. Civ. P. 56(c)(1). A non-moving party who bears the burden of proof at trial as to an element essential to its case must make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element of the case or be subject to summary judgment. See Celotex Corp., 477 U.S. at 322.

The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). An issue of fact is a genuine issue if it reasonably can be resolved in favor of either party. Id. at 250-51. "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury . . . could find by a preponderance of the evidence that the [non-movant] is entitled to a verdict . . . ." Id. at 252. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248.

"[A] district court is not entitled to weigh the evidence and resolve disputed underlying factual issues." Chevron Corp. v. Pennzoil Co., 974 F.2d 1156, 1161 (9th Cir. 1992). Summary judgment is improper 'where divergent ultimate inferences may reasonably be drawn from the undisputed facts.'" Fresno Motors v. Mercedes Benz USA, LLC, 771 F.3d 1119, 1125 (9th Cir. 2014). Instead, "the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986) (internal quotation marks and ellipsis omitted).

## II. Analysis

A necessary component of Plaintiff's prima facia case is that he was denied public accommodation by the Defendants. Plaintiff fails to raise a material question of disputed fact on this issue. Plaintiff's evidence shows that Plaintiff passed by the Restaurant on the sidewalk in his wheelchair on February 21, 2020. Garcia Decl. ¶¶ 3-6. On passing by, Plaintiff observed that the only outdoor tables were "pedestal style," which, according to Plaintiff, in his experience, do not provide sufficient toe clearance for a wheelchair user. Id. Plaintiff did not stop at the Restaurant to confirm that the tables had inadequate clearance or to confirm that the Restaurant did not have any other tables that could accommodate him. Id.

Defendants argue that Plaintiff has failed to demonstrate that he could not be accommodated at the pedestal style tables. They also assert that on the day that Plaintiff passed by the Restaurant there were accessible tables inside the Restaurant that could have quickly and easily have been brought outside if Plaintiff had wished to sit outside. Therefore, Plaintiff has not established a prima facia case that he was denied public accommodation.

Even assuming that Plaintiff's otherwise unsupported statement that his wheelchair could not fit under the pedestal style tables is sufficient to raise a dispute whether they were inaccessible, there is uncontroverted evidence[2] that Plaintiff could have been accommodated at the Restaurant on the day he passed by. Defendants provide unrebutted testimony that Restaurant workers would have been able to bring a different, undeniably accessible table outside if Plaintiff had requested a more accessible table. Sarkissian Decl. ¶ 3. Plaintiff's only counter to this evidence is to argue that he is not required to "create his

---

[2] In his response to Defendants' Statement of Uncontroverted Facts, Plaintiff repeatedly asserts that facts are "disputed" without citing any evidence to support that assertion. This does not demonstrate a dispute of material fact. In any event, the Court has reviewed Plaintiff's evidence and he provides nothing to contradict any of the facts relied on in this order.

own accommodation." But the argument is not that Plaintiff has to "create" an accommodation. It is uncontroverted that the Restaurant *had* accessible tables. The tables may not have been in the location that Plaintiff wanted them to be, but it is uncontroverted that Defendants would have been able to relocate an appropriate table in a short amount of time. Defendants are not trying to impose any burden on Plaintiff to "create" anything – he only needed to ask if an accommodation was already available at the Restaurant. It is not at all unusual for customers without disabilities to ask for tables to be moved, for example, if they are with a large party and two or more tables need to be pushed together to accommodate the size of the group. If Garcia had asked, the uncontroverted evidence is that he too would have been accommodated.

### III. Conclusion

Because Plaintiff has not provided any evidence that he was denied public accommodation, Defendants' motion for summary judgment is GRANTED. Plaintiff's motion for summary judgment is DENIED.

IT IS SO ORDERED.

Date: January 25, 2022

Dale S. Fischer
United States District Judge

4