CENTER FOR DISABILITY ACCESS
Raymond Ballister, Jr., Esq., SBN 111282
Dennis Price, Esq. SBN 279082
Ariel Vento, Esq. SBN 311070
Candice Clipner, Esq. SBN 215379
8033 Linda Vista Rd, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
Candicec@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Orlando Garcia**, <br><br> Plaintiff, <br><br> v. <br><br> **Donna Harnsberger; Aslan Catering, Inc.**, and Does 1-10, <br><br> Defendants | Case No. 2:20-cv-09886-DSF-GJS <br> **Plaintiff's Objections to Defendants' Application to the Clerk for Costs** <br><br><br> Honorable Judge Dale S. Fischer |

**MEET & CONFER**

On February 18, 2022, Counsel for Plaintiff emailed counsel for Defendants to attempt to meet and confer regarding Plaintiff's objections to Defendants' Bill of Costs. Counsel for Plaintiff heard from Defense counsel's office on February 21, 2022, advising that a meet and confer conversation could occur on February 23, 2022, the day after Plaintiff's objections are due filed and served, or February 25, 2022. By the time of the filing, counsel for the parties were unable to meet and confer, but will do so shortly after in an attempt to resolve the matter.[1]

---

[1] On January 26, 2022, Plaintiff filed a Notice of Appeal as to the January 25, 2022 Judgement against Plaintiff.

**OBJECTIONS**

Pursuant to Local Rule 54-2.2 and the Central District of California's Bill of Cost Handbook, page 2, Plaintiff objects to Defendants' Bill of Cost, Tab 5, page 2 of Defendants' Application, in the amount of $693 for deposition costs (the only requested cost). The bases of Plaintiff's objections are as follows:

Ground 1:  Costs against a losing civil rights Plaintiff, like Orlando Garcia,[2] are only allowed if the Court makes findings that plaintiff's claim was "frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). *Christiansburg* applies to the award of both fees and costs to a prevailing defendant under the ADA. *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1190 (9th Cir. 2001).

Ground 2: Fed. R. Civ. P. 54(d)(1) does not apply because under Fed. R. Civ. P. 54(d)(1), costs are allowed to the prevailing party as a matter of course "[u]nless a federal statute, these rules, or a court order provides otherwise."  "When the federal statute forming the basis for the action has an express provision governing costs . . . that provision controls." *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1190 (9th Cir. 2001) (citing Fed. R. Civ. P. 54(d)(1)).

The above grounds for objection are explained more as follows: In *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978), the Supreme Court held that, under the fee-shifting provision of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-5(k), attorney's fees should be awarded to a prevailing defendant only if the plaintiff's claim was "frivolous, unreasonable, or without foundation."  434 U.S. at 421; see also

---

[2]  Plaintiff sued for damages and injunctive relief against Defendants for violation of the ADA of 1990 and violation of the Unruh Civil Rights Act (Complaint).

*Summers v. A. Teichert & Son, Inc.*, 127 F.3d 1150, 1154 (9th Cir. 1997). *Summers* construed *Christiansburg* as instructing that "attorney's fees should be granted to a defendant in a civil rights action only 'upon a finding that the plaintiff's action'" met the *Christiansburg* standard. 127 F.3d at 1154 (quoting *Christiansburg*, 434 U.S. at 421). Applying that standard, *Summers* held that a grant of attorney's fees to a prevailing defendant in an action brought under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., would be improper unless a plaintiff's underlying claim was "frivolous, unreasonable, or without foundation," 127 F.3d at 1154 (quoting *Christiansburg*, 434 U.S. at 421).

*Christiansburg* applies to the award of both fees and costs to a prevailing defendant under the ADA. See *Brown*, 246 F.3d at 1190. The ADA's fee shifting provision states that a court "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. *Brown* held that the ADA's statutory text "makes fees and costs parallel," and that the *Christiansburg* standard therefore applies equally to both. 246 F.3d at 1190. As a result, the Court cannot award costs or fees to Defendants absent a finding that Plaintiff's claim was frivolous, unreasonable, or without foundation.

## CONCLUSION

Because the Court cannot grant costs to Defendants absent a finding that Plaintiff's ADA Unruh Civil Rights claim was frivolous, unreasonable, or without foundation, Plaintiff respectfully requests the Court to deny Defendants' costs.

Dated: February 21, 2022                    CENTER FOR DISABILITY ACCESS

By /s/ Candice Clipner

Candice Clipner
Attorney for Plaintiff