UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Orlando Garcia,<br>    Plaintiff,<br><br>          v.<br><br>Donna Harnsberger; Aslan Catering, Inc., and Does 1-10,<br>    Defendants. | CV 20-9886 DSF (GJSx)<br><br>Order DENYING Plaintiff Orlando Garcia's Motion to Retax Costs (Dkt. 54.) |

Plaintiff Orlando Garcia moves to retax costs pursuant to Central District Local Rule 54–2.5. Dkt. 54. Defendants Aslan Catering, Inc., (the Restaurant) and the property owner Donna Harnsberger timely opposed. Dkt. 55. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The Motion to Retax Costs is DENIED.

On October 28, 2020, Plaintiff filed a Complaint alleging Defendants violated the Americans with Disabilities Act (ADA) and the Unruh Civil Rights Act. Dkt. 1. On January 19, 2021, he filed the operative First Amended Complaint, and the parties subsequently cross-moved for summary judgment. Dkts. 17, 34, 35. The Court denied Plaintiff's motion, granted Defendants', and issued an opinion and judgment dismissing the action with prejudice and directing Defendants to recover costs of suit in accordance with 28 U.S.C. § 1920. Dkts. 47–48.

Thereafter, Defendants submitted an Application to Tax Costs seeking only $693 in deposition costs, and Plaintiff filed an Objection pursuant to Local Rule 54–2.2. Dkts. 51–52. On March 21, 2022, the

Clerk taxed costs against Plaintiff and in favor of Defendants and awarded the full $693 in costs. Dkt. 53. One-week later Plaintiff filed the instant Motion to Retax Costs pursuant to Local Rule 54–2.5, and Defendants opposed. Dkts. 54–55.

Plaintiff challenges only the legality of the award. He argues the normal cost provisions under Rule 54(d)(1) that would have authorized the challenged award have been displaced by the ADA's statutory cost provision. 42 U.S.C. § 12205. The Ninth Circuit applied the same standard used in §12205 for attorneys' fees and concluded that under the ADA costs can be "awarded to a prevailing defendant only if 'the plaintiff's action was frivolous, unreasonable, or without foundation.'" Brown v. Lucky Stores, Inc., 246 F.3d 1182, 1190 (9th Cir. 2001) (quoting Summers v. A. Teichert & Son, Inc., 127 F.3d 1150, 1154 (9th Cir.1997) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978))). Plaintiff says that costs cannot be awarded to Defendants absent a finding that his ADA claims were frivolous, unreasonable, or without foundation. But the Court has no trouble concluding that Plaintiff's claims were in fact "frivolous, unreasonable, or without foundation." As the Court explained when it granted summary judgment for Defendants, the undisputed evidence was that Plaintiff did not encounter an accessibility-related barrier, never made an attempt to dine at the Restaurant, and had he done so he would not have encountered any such barriers. Order Granting Defendants' Motion for Summary Judgment at 3–4, dkt. 47. Plaintiff and his counsel should have known his ADA claim was frivolous, unreasonable, and lacked foundation before this action was filed. See Amphastar Pharms. Inc. v. Aventis Pharma SA, No. EDCV-09-0023 MJG, 2017 WL 10543563, at *8 (C.D. Cal. Nov. 20, 2017) (finding the plaintiff's claim to have been frivolous in part because the plaintiff "had no reasonable foundation on which to bring the suit."); Hughes v. Rowe, 449 U.S. 5, 15 (1980) (concluding "frivolous, unreasonable, or groundless" standard is met if the plaintiff "continued to litigate after" his claim "clearly became" groundless or without foundation).

In the alternative, the Court also agrees with Defendants that they are entitled to costs under Rule 54(d)(1) because the Ninth

2

Circuit's decision in Brown has been effectively overruled by the Supreme Court's decision in Marx v. General Revenue Corp., 568 U.S. 371 (2013) ("Rule 54(d)(1) codifies a venerable presumption that prevailing parties are entitled to costs.") (emphasis added). Multiple judges have concluded that Brown's standard for when Rule 54(d)'s costs provisions have been displaced by statute is irreconcilable with Marx. T.P. v. Walt Disney Parks & Resorts U.S. Inc., No. CV 15-05346-CJC(EX), 2022 WL 1054935, at *1 (C.D. Cal. Mar. 3, 2022); Garcia v. Gateway Hotel L.P., No. CV 20-10752-PA (GJSx), 2021 WL 4776352, at *2 (C.D. Cal. Aug. 4, 2021); Scherer v. Socorros Rest., Inc., No. 2:20-CV-11357-VAP (PVCx), dkt 47 (C.D. Cal. March 4, 2022); M.T. v. Denver Publ. Sch. Dist., 2018 WL 5298385, at *2 (D. Col. Oct. 24, 2018); Webster v. Bd. of Supervisors, No. CV 13-6613, 2016 WL 4467750, at *2 (E.D. La. Aug. 24, 2016); Jacobson v. City of West Palm Beach, No. CV 16-81638, 2017 WL 6366791, at *2 (S.D. Fla. Aug. 1, 2017). Indeed, it appears that every court to address the issue so far has concluded that Brown cannot be reconciled with Marx. See Miller v. Gammie, 335 F.3d 889, 900 (9th Cir. 2003) ("[W]here intervening Supreme Court authority is clearly irreconcilable with [the Ninth Circuit's] prior circuit authority . . . a three judge panel of [the Ninth Circuit] and district courts should consider themselves bound by the intervening higher authority and reject the prior opinion of [the Ninth Circuit] as having been effectively overruled."); but see Green v. Mercy Housing, Inc., 991 F.3d 1056 (9th Cir. 2021) (extending Brown to costs under the FHA where no party raised Marx).

      These opinions amply explain the conflicts between Marx and Brown, and the Court joins their discussion to identify two specific interpretative conflicts. First, Brown concluded that Rule 54(d) was displaced whenever "the federal statute forming the basis for the action has an express provision governing costs." 246 F.3d 1182, 1190. Second, Brown interpreted the ADA's reference to costs as "parallel" (and similarly limited) to its affirmative statutory authorization for attorneys' fees in specific circumstances. Id. The Court is comfortable concluding that both have been overruled because the Ninth Circuit extended Brown to claims under the Fair Debt Collection Practices Act

3

in Rouse v. Law Offices of Rory Clark, and in Marx the Supreme Court expressly abrogated Rouse and then reached contrary conclusions on both points. 603 F.3d 699, 701 (9th Cir. 2010), abrogated by Marx, 568 U.S. at 376.

 For all of the foregoing reasons, the Court concludes that costs were correctly taxed under both Brown and Rule 54(d)(1) in favor of Defendants. The Court therefore DENIES Plaintiff's Motion to Retax Costs.

 IT IS SO ORDERED.

Date: May 4, 2022

          _____
          Dale S. Fischer
          United States District Judge